IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMARA L. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-0446 |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | Judge Trauger |
| NASHVILLE AND DAVIDSON COUNTY, and ) | |
| METRO POLICE, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Plaintiff Tamara L. Moore, proceeding *pro se*, instituted this action by filing in this court a complaint and amended complaint, the latter of which clarifies that the plaintiff intends to bring suit against the Metropolitan Government of Nashville and Davidson County ("Metro Nashville") and the Metro Police. By separate order, the court has granted the plaintiff leave to proceed *in forma pauperis*.

Having granted the plaintiff's application to proceed as a pauper, the court must conduct an initial review of the complaint and dismiss it *sua sponte*, prior to service on the defendant, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). In reviewing the complaint, the court must construe the *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In this case, the plaintiff's statement of her claim contains no factual allegations and instead is vague and conclusory. The plaintiff alleges, in full, as follows:

> Arrest Report Wrongfully Miss stated!
> Facts of Accident injury (covered up).
> Was not Mentioned (head injury)! Medical
> Treatment and Police Arrest Report
> affected, endangering my Life and mental
> well being etc.

(ECF No. 3, at 2.) The only defendants named in the complaint are Metro Nashville and the Metro Police.

Federal courts are courts of limited jurisdiction. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the complaint. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

The basic statutory grants of subject-matter jurisdiction for federal courts are contained in 28 U.S.C. § 1331, which provides for "federal question" jurisdiction, and 28 U.S.C. § 1332, which provides for "diversity of citizenship" jurisdiction. Diversity jurisdiction requires that "the matter in controversy exceed[] the sum or value of $75,000," and that the opposing parties be citizens of different states. 28 U.S.C. § 1332. Although the plaintiff seeks $20 million in damages, diversity jurisdiction does not exist in this case because the defendants are not citizens of a different state than the plaintiff.

Consequently, the complaint must on its face provide at least an arguable basis for federal-question jurisdiction in order to survive the court's screening under 28 U.S.C. § 1915(e)(2). A plaintiff properly invokes federal-question jurisdiction when she pleads a colorable claim "arising under" the federal Constitution or laws. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).

The court infers from the plaintiff's cryptic statement of her claim that the plaintiff was arrested by some member of the Metro Nashville Police Department and that the arrest report contained misstatements or omissions, such as a failure to mention that the plaintiff had a head injury. It appears that the arrest may have been in connection with an accident of some type, and the plaintiff may or may not have incurred the head injury in this accident. The complaint implies that the failure to mention the plaintiff's head injury in the arrest report has affected her subsequent ability to obtain treatment for that injury. The plaintiff does not identify the individuals involved in her arrest or responsible for the alleged misstatements; she does not invoke any particular federal law or constitutional provision on which her claims are based, nor does she otherwise identify the basis for this court's exercise of jurisdiction over her claims. Construing the complaint very liberally, the court will presume, based on the fact that the plaintiff names only government entities (Metro Nashville

Case 3:13-cv-00446    Document 4    Filed 05/21/13    Page 2 of 4 PageID #: 13

and the Metro Police) as defendants, that the plaintiff intends to bring suit for alleged violations of her federal constitutional rights in connection with her arrest.

The vehicle through which a plaintiff may vindicate violations of her constitutional rights is through an action under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, not only that she was deprived of a right secured by the Constitution or laws of the United States, but also that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A failure to identify a right, privilege or immunity secured by the Constitution that was violated will result in dismissal of the cause of action for failure to state a claim upon which relief can be granted. In addition, claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed.

The claim against "Metro Police" is subject to dismissal under this standard because the Metro Nashville Police Department is a division of Metro Nashville, but is not itself a separate legal entity susceptible to liability under § 1983. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting claim against township police department, which was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]" (citation omitted)). *See also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983).

A municipality like Metro Nashville, however, does qualify as a "person" who may be subject to liability under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Nonetheless, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or entity and the alleged constitutional violation. *Id.* at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Thus, to state a claim against a municipality, a plaintiff must first articulate a constitutional violation and then "identify the policy, connect the policy to the city itself and show that the particular injury [or constitutional violation] was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting

*Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The plaintiff here has not identified a constitutional violation, much less shown how such a violation resulted from the existence and execution of a municipal policy.

In sum, the Court finds that the complaint fails to state a claim against either of the defendants named in the complaint for which relief could be granted under 42 U.S.C. § 1983 or any other federal law. Because the complaint, as amended, does not provide any other basis for the exercise of this court's jurisdiction over the plaintiff's claims, this action is subject to dismissal in its entirety for failure to state a claim for which relief may be granted. An appropriate order is filed herewith.

                                            Aleta A. Trauger
                                            United States District Judge